United States District Court
Southern District of Texas

**ENTERED**

April 16, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Federal Home Loans Mortgage Corporation, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:26-cv-00933 |
| v. | § § | |
| Harjarat Laditi, et al., | § § § | |
| *Defendants.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

In this forcible detainer action, Plaintiff Federal Home Loans Mortgage Corporation filed a motion to remand the case, Dkt. 6, after Defendants removed it based on federal question jurisdiction, *see* Dkt. 1. Because Defendants Harjarat Laditi, Felix Amos, and/or All Occupants of 26066 Haggard Nest, Dr., Katy, TX 77494 (the disputed property) failed to respond, the motion is deemed unopposed. S.D. Tex. L.R. 7.4. After carefully reviewing the motion, Dkt. 6, the record, and the applicable law, it is recommended that the motion to remand be granted.

## Background

Defendants occupy the disputed property, which was sold at a foreclosure sale on April 1, 2025. Dkt. 6-1 (substitute trustee's deed). The entity who

bought the property, United Wholesale Mortgage, LLC, conveyed it to Federal Home Loans. Dkt. 6-2 (special warranty deed).

The day of the foreclosure sale, Defendants moved for a temporary restraining order ("TRO"), which was granted. *See* Dkt. 1-1 at 33-35. On June 13, 2025, one occupant, Felix Amos, filed a quiet title action in state court, alleging that the foreclosure violated the TRO. *See* Dkt. 1-1 at 31-32.

Federal Home Loans sent Defendants a notice to vacate on April 25, 2025. Dkt. 6-4 at 13. When Defendants failed to vacate the property, Federal Home Loans filed this action in state court. *See* Dkt. 6-4 (original petition). On January 28, 2026, the state court entered a final judgment awarding possession of the property to Federal Homes Loan. Dkt. 6-5 at 2.

Days after the final judgment was signed, Defendants removed the action to this Court. Dkt. 1 (February 5, 2026 notice of removal). Federal Home Loans moved to remand. Dkt. 6. Defendants did not respond. The motion is ripe for resolution.

## Legal standard

A state court action can be removed to federal court if the action could originally have been filed in federal court. 28 U.S.C. § 1441(a). The sole asserted basis for removal here is 28 U.S.C. § 1331, which authorizes federal courts to hear cases arising under federal law.

The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam). The party invoking federal jurisdiction "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## Analysis

Federal Home Loans argues that this case must be remanded because federal question jurisdiction is lacking, and no other grounds for jurisdiction exist. Dkt. 6 at 5. The Court agrees.

Notably, Defendants' failure to respond means that they have failed to meet their burden to show that jurisdiction is proper. That shortcoming alone would merit remand.

Regardless, settled law forecloses the sole asserted basis for jurisdiction. Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10-11 (1983)). "[T]he fact that federal law may provide a defense to a state claim is insufficient to establish federal

question jurisdiction." *Id.* at 550; *see also Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) ("[I]t is the character of the action and not the defense which determines whether there is federal question jurisdiction.").

The original petition asserts no federal causes of action.  The sole claim is for forcible detainer under Texas law.  *See* Dkt. 6-4 at 2 (claims under "Rule 510 of the Texas Rules of Civil Procedure, and Chapter 24 of the Texas Property Code").  "It is well settled that a forcible detainer action is a state law claim that provides no basis for federal question jurisdiction."  *Patel v. Houston*, 2021 WL 6808301, at *2 (S.D. Tex. Nov. 19, 2021) (quotation omitted), *adopted by* 2022 WL 358252 (S.D. Tex. Feb. 7, 2022).

In their notice of removal, Defendants maintained that the underlying state court proceedings violated their constitutional rights under the Due Process Clause and the Takings Clause.  *See* Dkt. 1 at 2.  Those defenses, however, are inadequate to confer federal jurisdiction.  *See, e.g.*, *Am. Homes 4 Rent Props. Eight, LLC v. Ortolani*, 2015 WL 4635841, at *4 (N.D. Tex. Aug. 4, 2015) (no jurisdiction where defendant claimed that the forcible detainer action "violates [his] federal constitutional rights" because that assertion "is merely a defense or counterclaim"); *JPMorgan Chase Bank, N.A. v. Garcia*, 2012 WL 6089040, at *5 (N.D. Tex. Dec. 7, 2012) (constitutional issue asserted in opposition to the motion to remand "cannot be considered by the court in

determining whether removal [of the forcible detainer suit] was proper"). And even counterclaims premised on federal law—assuming that any could be asserted—cannot provide a basis for federal question jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *see also Renegade Swish, LLC v. Wright*, 857 F.3d 692, 697-98 (5th Cir. 2017).

In short, Defendants have failed to prove that subject-matter jurisdiction exists. As a result, this case should be remanded to state court.

### Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Federal Home Loans Mortgage Corporation's motion to remand (Dkt. 6) be **GRANTED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on April 15, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge